## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DOREEN L. BLAIR and
ROBERT D. BLAIR, her husband,

    Plaintiffs,

v.                                        CASE NO: 8:05-cv-542-T-26EAJ

TAIWAN SHIN YEH ENTERPRISE
COMPANY, LTD., SHIN CREST PTE., LTD.,
and SHIN CREST METAL & PLASTIC
PRODUCTS, LTD.,

    Defendants.
_____/

## **O R D E R**

Before the Court are the following: (1) Shin Ding Metal & Plastic Products Ltd.'s Motion to Dismiss and supporting Memorandum of Law;[1] (2) Shin Crest Pte., Ltd.'s Motion to Dismiss and supporting Memorandum of Law; and (3) Plaintiffs' Responses. After careful consideration of the parties' submissions, together with the well-pleaded allegations of Plaintiffs' complaint

---

[1] This Defendant claims it is erroneously labeled Shin Crest Metal & Plastic Products, Ltd. by Plaintiffs.

which the Court must accept as true at this juncture of the proceedings,[2] the Court is of the opinion that the motions are due to be granted but without prejudice and with leave to amend.

Both Defendants claim that Plaintiffs complaint must be dismissed because it is apparent from the face of its allegations that Florida' four-year statute of limitations for actions sounding in negligence and strict liability expired before they were added as party defendants.[3] They further contend that Florida law allowing the relation back of amended pleadings does not save Plaintiffs' complaint because that legal doctrine does not apply when a new party is added.[4] Plaintiffs contend, however, that Rule 15(c), Federal Rules of Civil Procedure, which embodies federal law on the issue of relation back of amended pleadings, rather that Rule 1.190(c), Florida Rules of Civil Procedure, governs the resolution of Defendants motion and dictates that the motions be denied. Plaintiffs alternatively contend that the motions are premature "because discovery will be required to determine the exact relationships among the three named defendants before the court can rule on the motion."

Plaintiffs are clearly wrong in their contention that Rule 15(c) is controlling instead of Rule 1.190(c). In this diversity case, there can be no question that Florida law provides for the applicable statute of limitations. Under these circumstances, the Eleventh Circuit joined other

---

[2] See, e.g., Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992) observing that when reviewing a motion to dismiss "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts are taken as true.").

[3] Although the statute of limitations is generally considered an affirmative defense which must be pleaded and proved, the Eleventh Circuit has held that a complaint still may be dismissed under Rule 12(b)(6) for failure to state a claim if it is apparent from the face of the complaint that the claim is time-barred. See Tello v. Dean Witter Reynolds, Inc., 410 F. 3d 1275, 1288 (11th Cir. 2005).

[4] Although not cited by Defendants, this law is embodied in Rule 1.190(c), Florida Rules of Civil Procedure.

circuits in an *en banc* opinion "in holding that Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." Saxton v. ACF Indus., Inc., 254 F. 3d 959, 963 (11th Cir. 2001) (*en banc*) (citations omitted). Consequently, the Court must look to Florida law interpreting Rule 1.190(c) in resolving the motions.

Under that law, Defendants correctly argue that the addition of a new party does not relate back to the amended complaint. See, e.g., Williams v. Avery Dev. Co.- Boca Raton, 910 So. 2d 851, 853 (Fla. Dist. Ct. App. 2005). This relation back rule, however, is to be construed liberally and allows the addition of a new party so long as that party shares an "identity of interest" with an original party such that the addition would not prejudice the newly added party. Id. (quoting and citing Schwartz v. ex rel. Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So. 2d 451, 453 (Fla. Dist. Ct. App. 1999) and identifying various factors to be considered in determining "identity of interest"). In this case, because the allegations of the second amended complaint, even taken as true, do not allege any of these factors, the complaint must be dismissed. Cf. Williams, 910 So. 2d 853 (reversing granting of motion to dismiss because the allegations of the complaint satisfied at least four of the factors).

The Court will, however, in light of the representations advanced in Plaintiff's responses, allow Plaintiffs to engage in limited discovery in an effort to discover facts which would satisfy the "identity of interest" factors provided for under Florida law before they are required to file an amended complaint. The Court will discuss these issues with the parties at the status conference scheduled for Thursday, June 29, 2006, at 10:30 a.m.

Accordingly, for the reasons expressed, Defendants' Motions to Dismiss (Dkts. 49 and 54) are granted. Plaintiffs' second amended complaint as to these Defendants is dismissed without prejudice and with leave to amend following the completion of limited discovery.

**DONE AND ORDERED** at Tampa, Florida, on June 27, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record